## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMIE VAUGHN** | * | **CIVIL ACTION NO. 2:19-cv-00994** |
| **Plaintiff** | * | |
| **VERSUS** | * | **JUDGE MARY ANN LEMMON** |
| **WELLPATH LLC** | * | |
| **Defendant** | * | **MAGISTRATE JUDGE MICHAEL B. NORTH** |

\* \* \* \* \* \* \* \*

## ANSWER

**NOW COMES** Defendant Wellpath LLC ("Wellpath"), which answers the Complaint filed by Plaintiff Jamie Vaughn as follows:

## DEFENSES

Wellpath asserts the following affirmative and other defenses, but does not assume any burden of production or proof unless required by law:

## First Defense

The Complaint, in whole or part, fails to state a claim upon which relief may be granted.

## Second Defense

Vaughn cannot establish a prima facie case of discrimination based on alleged disability or sex, of harassment, or of retaliation.

## Third Defense

Wellpath did not interfere with any of Vaughn's rights under the Family and Medical Leave Act of 1993 or retaliate against her for exercising her rights under the FMLA. Furthermore, Vaughn received any and all leave to which she may have been entitled.

**Fourth Defense**

Wellpath had legitimate, non-discriminatory, non-retaliatory reasons for terminating Vaughn's employment and for not granting Vaughn's request to extend her leave of absence, including factors unrelated to Vaughn's alleged disability and Vaughn's complaint to Human Resources of alleged harassment and hostility.

**Fifth Defense**

Alternatively, and while expressly denying any discriminatory or retaliatory motive, Vaughn's claims fail, in whole or part, because Wellpath would have taken the same alleged employment actions with respect to Vaughn irrespective of such motive.

**Sixth Defense**

Some or all of the purported claims and/or some or all of the relief requested in the Complaint are barred because Wellpath maintained, disseminated, and enforced clear policies against harassment, discrimination, and retaliation that established reasonable and effective means of reporting and seeking relief from conduct believed to be harassing, discriminatory, or retaliatory, and because Wellpath acted in accordance with these policies at all times.

**Seventh Defense**

Some or all of the purported claim and/or some or all of the relief requested in the Complaint are barred because Wellpath responded fully and appropriately, and in accordance with its policies and procedures, to any allegations of harassment or discrimination of which it was made aware by Vaughn.

**Eighth Defense**

Vaughn did not engage in protected activity within the meaning of Title VII of the Civil Rights Act of 1964, as amended.

### Ninth Defense

Alternatively, Vaughn cannot establish that but for exercising her protected rights under Title VII, she would not have been terminated. Vaughn cannot establish that but for exercising her protected rights under the Americans with Disabilities Act, she would not have been terminated. Furthermore, Vaughn cannot establish that but for exercising her protected rights under the FMLA, she would not have been terminated.

### Tenth Defense

Vaughn is barred from recovering some or all of the relief requested because Wellpath's actions affecting her were not malicious, egregious, in bad faith, or in willful or reckless indifference or in disregard of her legal rights.

### Eleventh Defense

Vaughn's purported claims for damages and relief are limited in whole or in part by statute.

### Twelfth Defense

Vaughn's purported claims for damages or relief are barred or must be reduced to the extent that she failed to mitigate her damages as required by law. Alternatively, to the extent that Vaughn has mitigated her alleged damages, the entitlement to which is expressly denied, Wellpath is entitled to offset her alleged damages by any interim earnings, severance pay, unemployment compensation and any other pay or benefits.

### Thirteenth Defense

The damages of which Vaughn complains, if such damages occurred, were caused by the acts or omissions of Vaughn or by the acts or omissions of persons for whom Wellpath bears no responsibility or liability.

### Fourteenth Defense

At all times, Wellpath engaged in good faith efforts to comply with all laws, adopted and promulgated policies for the workforce, and acted in such a manner as to foreclose recovery of punitive damages.

### Fifteenth Defense

Vaughn's claim for punitive damages is barred because any act found to be unlawful is contrary to Wellpath's good faith effort to comply with anti-discrimination laws.

### Sixteenth Defense

Vaughn is not entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii) because Wellpath acted in good faith and Wellpath had reasonable grounds to believe that its actions were not in violation of the FMLA.

### Seventeenth Defense

Wellpath denies that Vaughn has suffered any emotional, psychological and/or physical damage whatsoever as a result of any alleged actions taken by Wellpath, and any emotional, psychological or physical condition allegedly suffered by Vaughn is attributable to causes wholly independent of Wellpath's alleged actions. Vaughn's claims are barred to the extent the injuries alleged in the Complaint were caused or enhanced by pre-existing or medical or psychiatric conditions and/or idiosyncratic reactions unrelated to Wellpath's alleged conduct.

### Eighteenth Defense

To the extent Wellpath discovers information revealing that Vaughn engaged in misconduct during her employment with Wellpath such that Wellpath would have discharged Vaughn for engaging in the misconduct had Wellpath known of the same, the after-acquired evidence doctrine bars or limits Vaughn's claims or damages.

**Nineteenth Defense**

The Complaint is completely void of merit, is frivolous, is unreasonable, and lacks foundation, such that Wellpath is entitled to recover its attorneys' fees.

**Twentieth Defense**

Any allegations not specifically admitted herein are denied and Wellpath reserves the right to supplement and amend these defenses as further discovery may warrant.

**AND NOW**, answering the allegations of the Complaint:

1.

Wellpath admits that Vaughn is a person of the full age of majority but denies the remaining allegations contained in the introductory Paragraph of the Complaint for lack of sufficient information to justify a belief therein.

2.

Wellpath admits that Vaughn purports to bring this action under the Americans with Disabilities Act of 1990, as amended ("ADA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Family and Medical Leave Act of 1993 ("FMLA"), but denies any violation thereof and further denies that Vaughn is entitled to any relief. Wellpath denies all remaining allegations contained in Paragraph 1 of the Complaint.

3.

Wellpath admits the allegations contained in Paragraph 2 of the Complaint.

4.

Wellpath denies the allegations contained in Paragraph 3 of the Complaint that Vaughn is a Certified Medical Assistant by profession, for lack of sufficient information to justify a belief

therein. Wellpath denies the remaining allegations contained in Paragraph 3 of the Complaint as written and avers that its website and its business filings on record with the Louisiana Secretary of State speak for themselves and are the best evidence of their content. Further answering, Vaughn accepted Wellpath's offer of employment as a Certified Medical Assistant on September 3, 2015; her first day of employment was September 8, 2015.

5.

Wellpath denies the allegations contained in Paragraph 4 of the Complaint regarding Vaughn's pregnancy and her back injury for lack of sufficient information to justify a belief therein. Wellpath denies the remaining allegations contained in Paragraph 4 of the Complaint as written, but admits that Wellpath hired Vaughn as a certified medical assistant in September 2015 and that Vaughn requested to take intermittent FMLA leave between October 10, 2016 through January 10, 2017.

6.

Wellpath denies the allegation contained in Paragraph 5 of the Complaint regarding the birth of Vaughn's child for lack of sufficient information to justify a belief therein. Wellpath denies the remaining allegations contained in Paragraph 5 of the Complaint as written, but admits that Vaughn was expected to return to work on March 20, 2017.

7.

Wellpath denies the allegations contained in Paragraph 6 of the Complaint for lack of sufficient information to justify a belief therein.

8.

Wellpath denies the allegations contained in Paragraph 7 of the Complaint, except to

admit that on March 20, 2017 Vaughn returned to the same light-duty administrative position she held at Wellpath prior to taking leave under the FMLA.

9.

Wellpath denies the allegations contained in Paragraph 8 of the Complaint.

10.

Wellpath denies that Walker exhibited hostility and contempt following Vaughn's return to work. Wellpath denies the remaining allegations contained in Paragraph 9 of the Complaint for lack of sufficient information to justify a belief therein.

11.

Wellpath denies the allegations contained in Paragraph 10 of the Complaint for lack of sufficient information to justify a belief therein.

12.

Wellpath denies the allegations contained in Paragraph 11 of the Complaint.

13.

Wellpath denies the allegations contained in Paragraph 12 of the Complaint, except to admit that Wellpath approved Vaughn's request to take FMLA leave from April 14, 2017 through May 5, 2017 and expected Vaughn to return to work on May 8, 2017.

14.

Wellpath denies the allegations contained in Paragraph 13 of the Complaint, except to admit that Vaughn requested extended leave through June 5, 2017.

15.

Wellpath denies the allegations contained in Paragraph 14 of the Complaint, except to admit that Wellpath terminated Vaughn's employment effective May 5, 2017. Further answering,

Wellpath advised Vaughn that she was eligible for rehire; however, Vaughn did not apply for employment with Wellpath on June 5, 2017 or any time thereafter.

16.

Wellpath denies the allegations contained in Paragraph 15 of the Complaint except to admit that Vaughn filed a Charge of Discrimination with the Equal Employment Opportunity Commission on October 23, 2017; that the EEOC issued a Proposed Conciliation Agreement; and, on December 12, 2018, the EEOC issued a Notice of Conciliation Failure, Dismissal and Notice of Right to Sue. The referenced Proposed Conciliation Agreement and Notice of Conciliation Failure, Dismissal and Notice of Right to Sue speak for themselves and are the best evidence of their content.

17.

Paragraph 16 of the Complaint states legal conclusions that require no response from Wellpath, but Wellpath nevertheless denies them as written.

18.

Paragraph 17 of the Complaint states legal conclusions that require no response from Wellpath, but Wellpath nevertheless denies them as written.

19.

Paragraph 18 of the Complaint states legal conclusions that require no response from Wellpath, but Wellpath nevertheless denies them as written.

20.

Wellpath admits that it employs and has employed 50 or more employees for each working day of 20 or more calendar workweeks in the current or preceding calendar year. The

remainder of Paragraph 19 of the Complaint states legal conclusions that require no response from Wellpath, but Wellpath nevertheless denies them as written.

21.

Wellpath denies the allegations contained in Paragraph 20 of the Complaint.

22.

Wellpath denies the allegations contained in Paragraph 21 of the Complaint.

23.

Wellpath denies the allegations contained in Paragraph 22 of the Complaint.

24.

Paragraph 23 of the Complaint states legal conclusions that require no response from Wellpath, but Wellpath nevertheless denies them as written.

25.

Wellpath denies the allegations contained in Paragraph 24 of the Complaint.

26.

Wellpath denies the allegations contained in Paragraph 25 of the Complaint.

27.

Wellpath denies the allegations contained in Paragraph 26 of the Complaint.

28.

Wellpath denies the allegations contained in Paragraph 27 of the Complaint.

29.

Wellpath denies the allegations contained in Paragraph 28 of the Complaint.

30.

Wellpath denies the allegations contained in the prayer of the Complaint.

## **TRIAL BY JURY**

Wellpath respectfully requests trial by jury.

**WHEREFORE**, Defendant Wellpath, LLC prays that this answer be deemed good and sufficient and, that after due proceedings are had there be judgment in its favor and against Plaintiff Jamie Vaughn, rejecting all of her demands and dismissing her claims with prejudice and at her sole cost; and, that costs and attorneys' fees be awarded Defendant for such other general equitable relief to which they may be entitled.

Respectfully submitted:

**ADAMS AND REESE LLP**

*/s/ Adrienne C. May*
LAUREN T. TAFARO (#29320)
ADRIENNE C. MAY (#35037)
701 Poydras Street
Hancock Whitney Center, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
Email: lauren.tafaro@arlaw.com
Email: adrienne.may@arlaw.com
*Attorneys for Wellpath, LLC*